FILED

NOT FOR PUBLICATION

JAN 25 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

NIVEEN ISMAIL,

               Plaintiff-Appellant,

    v.

COUNTY OF ORANGE; et al.,

               Defendants-Appellees.

No.   13-56866

D.C. No.
8:11-cv-01751-CAS-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted December 30, 2016[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

    Plaintiff Niveen Ismail appeals pro se the district court's dismissal of her

42 U.S.C. § 1983 action for claims arising under the Fourth, Eighth, and

Fourteenth Amendments.  We review de novo both a district court's order granting

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

a motion to dismiss, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc), and a district court's entry of summary judgment, *Chale v. Allstate Life Ins. Co.*, 353 F.3d 742, 745 (9th Cir. 2003). A district court's order granting a motion to reconsider is reviewed for abuse of discretion, *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), as is an award of costs, *Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1047 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

The district court properly dismissed Ismail's claims against the deputy district attorney in her individual capacity. Absolute immunity protects a deputy district attorney from suit under 42 U.S.C. § 1983 where claims are related to conduct "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Here, the district court correctly determined that all of the deputy district attorney's actions—requesting a defendant be remanded into custody, adding or dropping charges, requesting high bail—are prosecutorial decisions intimately associated with the judicial phase of the criminal process.

2

II

The district court also properly dismissed Ismail's claims of improper training. Although "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights" may in some cases be subject to § 1983 liability, *Connick v. Thompson*, 563 U.S. 51, 61 (2011), Ismail offered no evidence that would make such a notion plausible with respect to defendants in this case, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks and citation omitted).

III

The district court properly granted summary judgment as to Ismail's claims against the arresting officers.

1. First, the district court properly granted summary judgment with respect to Ismail's felony arrest claims because the arresting officers had arguable probable cause to believe that Ismail had attempted to solicit kidnapping. *See* Cal. Penal Code § 653f (West 2016); Cal. Penal Code § 664 (West 2011); *People v. Herman*, 119 Cal. Rptr. 2d 199, 208 (Cal. Ct. App. 2002) ("[C]riminal solicitation is an attempt to induce another to commit a criminal offense." (emphasis omitted)).

3

Arguable probable cause to support an arrest is all that is necessary to protect an officer from liability under § 1983. *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (explaining that the question is "whether reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to qualified immunity").

2. The district court also properly dismissed the excessive bail claims. The presiding judge, and not a law enforcement official, was responsible for the increase in Ismail's bail. *See Galen v. Cty. of L.A.*, 477 F.3d 652, 663 (9th Cir. 2007) ("[A] judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision."). Nor is there evidence to suggest that any police officer "deliberately or recklessly misled" the judge who revoked Ismail's bail. *See id.* at 664. Thus, the district court correctly granted summary judgment on Ismail's excessive bail claim.

3. Finally, the district court properly entered judgment against Ismail on her warrantless arrest claim. She asserts that she was subject to a warrantless arrest, but she was not. Rather, Ismail was remanded into custody following a hearing on October 25, 2010, because she had violated a protective order related to the underlying felony. On October 29, 2010, a warrant was issued based on the same

4

conduct. There was no change in her physical custodial status, but she was administratively "arrested" on November 3, 2010, pursuant to the October 29 arrest warrant. The district court disentangled these events and correctly granted summary judgment to defendants. *See Rigney v. Hendrick*, 355 F.2d 710, 713 (3d Cir. 1965) ("Here, it would be anomalous to require an arrest, for the appellants are already in custody.").

IV

Granting defendants' motion to reconsider was not an abuse of discretion. *See* Fed. R. Civ. P. 60(b); *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (explaining how to determine whether newly discovered evidence warrants relief from a judgment or order). Because it was not unreasonable for defendants to rely on documents Ismail produced related to her second arrest and because the district court had relied on the absence of an arrest warrant in denying summary judgment to defendants initially, granting the motion to reconsider was within the court's discretion.

V

The district court did not abuse its discretion in awarding costs. Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party." *Martin*, 560 F.3d at 1053 (9th Cir. 2009) (quoting *Ass'n of*

*Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)); *see* Fed. R. Civ. P. 54(d)(1).  Ismail's suit did not present close or difficult issues, and she does not argue that she has limited financial resources.  *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).  Thus the district court did not abuse its discretion in awarding costs to defendants, as the federal rules recommend.[1]

     **AFFIRMED.**

---

[1]  All remaining motions in this case are denied as moot.